FILED

**NOT FOR PUBLICATION**

JUN 20 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDI GONZALEZ-DIAZ, AKA Daniel Carreto-Diaz, <br><br>             Petitioner, <br><br>   v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br>             Respondent. | No. 09-72336 <br><br> Agency No. A098-439-873 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2013
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and STAFFORD, Senior District
Judge.[**]

Petitioner Edi Gonzalez-Diaz (Gonzalez) is a member of the indigenous

Southern Mam tribe in a small village in Quetzaltenango, Guatemala. On his way

home from visiting his uncle one night, Gonzalez was accosted by armed men

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable William H. Stafford, Jr., Senior District Judge for the
U.S. District Court for the Northern District of Florida, sitting by designation.

dressed in military attire. These men sought to recruit Gonzalez to join their group and threatened to kill him when he refused to join them. Rather than reporting this incident to any authorities, Gonzalez instead fled to the United States where, after being issued a Notice to Appear for removal proceedings, he requested asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

The IJ found Gonzalez's testimony to be credible, but concluded that the "threats to which [Gonzalez] was subject were [not] made on account of a protected ground." This decision was affirmed by the BIA, which found that "[t]he Immigration Judge correctly concluded that the respondent has not demonstrated that the motivation regarding his asylum claim was on account of race, political opinion, or his membership in a particular social group." The BIA also found that the IJ "correctly found that the respondent was not approached because he was indigenous but because they wanted him to fight against the government," and that the IJ "correctly concluded [that] the guerrillas did not confront the respondent on account of membership in a particular social group but merely to recruit the respondent." Gonzalez timely filed a petition for review, which we deny.

Because the BIA "adopt[ed] and affirm[ed] the decision" of the IJ, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we "review the decision of

the IJ, as well as any additional reasoning offered by the BIA." *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).

The evidence presented by Gonzalez does not compel the conclusion that Gonzalez faced persecution on account of a protected ground. *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007); *see* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1101(a)(42)(A). First, the evidence does not compel the conclusion that any persecution or threatened persecution of Gonzalez was due to his political opinion, expressed or imputed, rather than because he refused to fight with the guerillas. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Tecun-Florian v. I.N.S.*, 207 F.3d 1107, 1109–10 (9th Cir. 2000). Similarly, although the evidence suggests that Gonzalez may have been targeted for recruitment by virtue of his status as a young, poor Mam, it does not compel the conclusion that his persecution was due to his membership in a social group. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013) (en banc).

Because Gonzalez has not met the lower burden of proof for asylum, he also cannot meet the higher standard for withholding of removal. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

Finally, Gonzalez has not provided "evidence establishing substantial grounds" that the Guatemalan government will consent or acquiesce in his

3

prospective torture, nor that he "would be in danger of being subjected to torture in the country of removal." *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (internal quotation marks omitted); *see* 8 C.F.R. § 208.18(a)(1); *see also Santos-Lemus*, 542 F.3d at 747–48.

Petition for review DENIED.